STATE of South Dakota, Plaintiff
and Respondent,

v.

Arthur Roy JOHNSON, Defendant
and Appellant.

No. 12403.

Supreme Court of South Dakota.

Argued Sept. 13, 1978.

Decided Dec. 7, 1978.

Richard H. Wendt, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., LeAnn Larson Finke, Asst. Atty. Gen., Pierre, on the brief.

John S. Theeler of Morgan, Fuller, Theeler & Cogley, Mitchell, for defendant and appellant; David Lee Rasmussen of Morgan, Fuller, Theeler & Cogley, Mitchell, on the brief.

MILLER, Circuit Judge.

Appellant was convicted by an Aurora County jury on a felony charge of third degree burglary. He was sentenced to serve ten years in prison. We affirm.

This appeal relates to a challenge of the sufficiency of the evidence to support the verdict when considering the law of the case as set forth in erroneous instructions to the jury by the trial court. The principal issue here decided relates to invited error.

### FACTS PRESENTED

On September 28, 1977, Randy Lee Newman and Timothy Clark Norris were apprehended during the course of a burglary at the Aurora Co-op Oil Company in Stickney, South Dakota. At the time of appellant's trial Newman and Norris had pled guilty to third degree burglary and were awaiting sentencing for their participation in the crime.

Newman and Norris testified, over timely objections and a motion in limine by defense counsel, to the effect that they had been contacted by appellant in Omaha, Nebraska, about going to South Dakota to get truck tires. On the day of the offense the three drove to Stickney from Omaha in appellant's vehicle where they cased the Aurora Co-op Oil Company and the surrounding area. They then traveled to Mitchell, South Dakota, where they rented a U-Haul truck which was to be used to transport the stolen tires. Then they returned to Stickney with appellant driving his vehicle and Newman and Norris driving

the U–Haul truck. Upon arriving in Stickney they parked the U–Haul truck by a service station which adjoined the oil company. Newman and Norris walked to the oil company and broke and entered it, opened the garage doors and then returned to the station where they got the truck and drove it into the oil company building. During this time appellant had driven his vehicle some distance from the scene and parked with the lights off. These occurrences had been observed by the operator of a motel near the oil company who reported the suspicious events to local law enforcement personnel who soon arrived and apprehended Newman and Norris inside the oil company building.

Appellant was later apprehended in his vehicle at the nearby town of Corsica. He had earlier been observed and followed out of Stickney by a patrolman who at the time had no information concerning appellant's involvement in the burglary.

Other witnesses testified that appellant had been in Stickney some days before the burglary. He had spent three to four hours in the vicinity of the oil company and had stopped at the adjoining service station three to four times during the week.

The information under which appellant was charged alleges that he and Norris ". . . did willfully, unlawfully, feloniously and burglariously, in the night time, break and enter a building located in Aurora County, South Dakota, . . . with intent . . . to commit larceny . . ."

■ Despite the provisions of SDCL 22–3–3, which abolished the common law distinction between aiders and abettors, defense counsel throughout these proceedings has mistakenly taken the position that an alleged aider and abettor in a crime must be charged as such, rather than as a principal. It is settled law that a conviction may be supported by proof that the defendant was an aider and abettor even though the charging instrument charges him as a principal. See *State v. Zemina*, 87 S.D. 291, 206 N.W.2d 819 (1973); *State v. St. Pierre*, 59 S.D. 169, 238 N.W. 875 (1931); and *United States v. Leeper*, 413 F.2d 123 (8th Cir. 1969).

During the course of settlement of instructions there seemed to be confusion among all counsel and the court concerning the instructions to be given regarding aiders and abettors and the corroboration of accomplice's testimony. It is clear that the court had prepared and proposed to give an instruction relating to the legal consequences of being an aider and abettor.* After a confusing colloquy between court and counsel, and because of defense counsel's objection to the aider and abettor instruction, the court withdrew the proposed instruction. South Dakota Pattern Jury Instruction 1–16–6 (Alternate) was given relating to the necessity of corroboration of an accomplice's testimony.

### ISSUE PRESENTED

Appellant now claims that the evidence was insufficient to support the jury's ver-

---

* Unfortunately the record does not contain a citation to the specific instruction that the court intended to give, nor was the withdrawn instruction included in the record. As a result we are unable to know the exact language of the proposed instruction. We believe that a fair interpretation of the record would indicate that the court intended to give South Dakota Pattern Jury Instruction, Criminal, 1–13, which reads:

> Under our law the distinction between an accessory before the fact and a principal in a case of felony such as the offense charged is abrogated and all persons concerned in the commission of such an offense, whether they directly commit the act constituting the offense or aid and abet in its commission, though not present, are considered as principals, and no additional facts need be shown against such an accessory before the fact than are required against his principal.
>
> A person aids and abets the commission of a crime if he knowingly and with criminal intent aids, promotes, encourages or instigates by act or advice, or by act and advice, the commission of such crime, and one who thus aids and abets the commission of a crime such as charged although not present and not directly committing the act constituting the offense is an accessory before the fact and chargeable as a principal.
>
> So in this case if you should find beyond a reasonable doubt that one defendant was a principal and the other an accessory before the fact to the commission of the offense charged, both would be guilty thereof.

dict of guilty. He claims that since there was no evidence that he personally broke into or entered the oil company, and since the law of the case, as established by the court's instructions, did not authorize the jury to make a finding of guilt against an aider and abettor, his conviction should be reversed.

## DECISION

■ Appellant makes an interesting, academic argument, which this court finds to be without merit, at least in the circumstances here present.

The record is clear, and it was conceded by counsel at oral argument, that the trial judge would have given the aider and abettor instruction had it not been for defense counsel's strenuous objections. Failure to give the instruction was error. It has long been the holding of this court, however, that a defendant cannot take advantage of error which he has invited. *State v. Parker*, S.D., 263 N.W.2d 679 (1978), and *State ex rel. Ruffing v. Jameson*, 80 S.D. 362, 123 N.W.2d 654 (1963).

Had appellant not made inappropriate objections to the instructions the jury would have been properly instructed. He cannot now reap the benefit of error which he has sown.

We have considered appellant's other arguments and find them to be without merit.

Affirmed.

All the Justices concur.

MILLER, Circuit Judge, sitting for MORGAN, J., disqualified.