**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Dennis James GARTON, Defendant and Appellant.**

**No. 15088.**

Supreme Court of South Dakota.

Considered on Briefs May 22, 1986.

Decided July 9, 1986.

Craig M. Eichstadt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry Atty. Gen., Pierre, on brief.

Patrick W. Kiner, Mitchell, for defendant and appellant.

HENDERSON, Justice.

This is an appeal by Dennis James Garton (Garton) from a Judgment of Conviction entered July 23, 1985, for driving while under the influence of an alcoholic beverage. SDCL 32–23–1(2). Finding no reversible error, we affirm.

Garton contends the arresting officer was not justified in stopping his vehicle. The record reveals, however, that within

several blocks' travel, the arresting officer observed Garton's vehicle perform a series of tailgating events, drive on the centerline, and turn in front of an oncoming car avoiding a collision by only a few feet. Under these circumstances, we conclude the officer had probable cause and was justified in stopping Garton's vehicle. *Compare, Matter of Hopewell,* 376 N.W.2d 812, 814–15 (S.D.1985); *State v. Jim Anderson,* 359 N.W.2d 887, 889–90 (S.D.1984); *Whitson v. Dep't of Pub. Safety,* 346 N.W.2d 454, 455–56 (S.D.1984); and *State v. Richard Anderson,* 331 N.W.2d 568, 570 (S.D.1983).

■ Garton's next alleged error concerns comments made by the Deputy State's Attorney during closing arguments. On appeal, Garton contends the closing remarks were improper comments on his failure to testify, *State v. Winckler,* 260 N.W.2d 356, 369 (S.D.1977), and that the trial court erred in denying his motion for mistrial. The closing arguments herein, however, were not transcribed and an incomplete record exists. The rule concerning incomplete records is that we presume the trial court acted properly. *State v. Hall,* 272 N.W.2d 308, 311 (S.D.1978). We therefore conclude that the Deputy State's Attorney's closing remarks were permissible comments on the state of the evidence and not improper comments on Garton's failure to testify and that the trial court properly ruled on the motion for mistrial. *State v. Wilson,* 297 N.W.2d 477, 482 (S.D. 1980); *State v. Parker,* 263 N.W.2d 679, 683 (S.D.1978).

■ Garton's third alleged error concerns testimony and evidence which referred to the administration of a preliminary breath test (PBT) and a voluntary blood test performed at Garton's request. Concerning the testimony regarding the PBT, in *State v. Richards,* 378 N.W.2d 259 (S.D.1985), we concluded it was harmless error when a state trooper testified that a PBT gave a positive indication, when the exact alcohol level was not testified to and the results of an Intoxilyzer were properly admitted. Here, the arresting officer quickly mentioned a PBT, the PBT testimo-

ny was not solicited and not emphasized, the PBT results were not indicated, and the results of an Intoxilyzer test were properly admitted. Under these circumstances, we hold the error to be harmless.

■ Turning now to the blood test testimony, we also determine that no showing of actual prejudice exists. Like the PBT testimony, the blood test was quickly mentioned, the blood test testimony was not solicited and not emphasized, the blood test results were not indicated, and the results of an Intoxilyzer were properly admitted. As concerns the blood test statements within a videotape, we note that counsel did not object thereto until after the State had rested. With regard to that alleged evidentiary error, we conclude that by failing to raise a timely objection, the error, if any, was waived. *See,* e.g., *State v. Big Head,* 363 N.W.2d 556,563 (S.D.1985); *In re T.L.J.,* 303 N.W.2d 800,806 (S.D.1981); *State v. Reiman,* 284 N.W.2d 860,870 (S.D. 1979); and *In re V.D.D.,* 278 N.W.2d 194, 197 (S.D.1979).

■ Garton's fourth alleged error relates to the admission of testimony and evidence which revealed that he had been cited for driving with an expired license. The record reveals, however, that when the arresting officer testified as to the citation for an expired driver's license, the officer also alluded to the blood test and Garton objected only in regard to the blood test testimony. Having failed to specifically object to this expired license testimony, Garton is precluded from contesting its propriety on appeal. *Ward v. Melby,* 82 S.D. 132, 138, 142 N.W.2d 526,529 (1966).

■ As concerns the admission of evidence which referred to an expired driver's license, the record reveals that when these items were admitted into evidence, Garton objected on the basis of foundation and not with reference to the expired license notations. Garton did object to the exhibits but not until after the State had rested. As previously stated, objections must be timely raised and failure to do such waives the alleged error. Here, the objections assert-

ed on appeal were not raised until after the exhibits were admitted into evidence and suggested corrective action was thereafter resisted. Under these circumstances, we conclude that Garton has waived any alleged error.

■ The penultimate advocacy herein centers on the trial court's refusal to instruct the jury that if they found that Garton had been arrested without probable cause, they must acquit him. Issues, such as probable cause for arrest and reasonable suspicion to stop, are for the trial court's resolution. *See*, e.g., *Beck v. Ohio*, 379 U.S. 89,96, 85 S.Ct. 223,228, 13 L.Ed.2d 142,148 (1964). Since the issue was one for the trial court as a matter of law, the jury was not to be instructed on it and the trial court did not err in refusing to so instruct the jury.

■ Garton's final alleged error concerns the endorsement of an additional witness to the Information just prior to trial. SDCL 23A–6–10 permits the further endorsement of names upon the Information, after its filing, only with permission of the court. We have concluded that such endorsements at trial are largely within the trial court's discretion. *State v. Provost*, 266 N.W.2d 96,100 (S.D.1978). Additionally, we have concluded that failure to move for a continuance is fatal to the argument of prejudice. *State v. Wilson*, 322 N.W.2d 866, 868 (S.D.1982); *State v. Coe*, 286 N.W.2d 340,342–43 (S.D.1979). Here, Garton failed to move for a continuance, and this aspect alone is fatal to his appellate contention.

Accordingly, we affirm.

All the Justices concur.