**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Larry E. STAHL, Defendant and Appellee.**

**No. 15590.**

Supreme Court of South Dakota.

Considered on Briefs May 22, 1987.

Decided Dec. 9, 1987.

Roger A. Tellinghuisen, Atty. Gen. and Clair B. Ledbetter, Asst. Atty. Gen., Pierre, for plaintiff and appellant.

Wally Eklund of Johnson, Eklund & Davis, Gregory, for defendant and appellee.

PER CURIAM.

The state appeals from an order of the trial court dismissing criminal charges against defendant Larry E. Stahl. We reverse.

Stahl and his wife Sheila were divorced in 1984. On February 6, 1986, upon petition of Sheila, the trial court issued a valid temporary ex parte protection order restraining Stahl from harassing and coming near Sheila and their children. Later, the parties stipulated that in lieu of a formal hearing upon Sheila's allegations, the temporary order should be continued. Based on this stipulation, the trial court ruled that the temporary order be extended until further notice.

In June of 1986, the state filed an amended criminal complaint charging Stahl with violation of the protection order. SDCL 25–10–13. Stahl moved to dismiss the charges, arguing that the protection order was invalid. The trial court (which was not the same court that issued the protection order) granted Stahl's motion, since a full hearing on the need for a protection order was never held, as required by SDCL 25–10–6, and since the court issuing the protection order never made any specific find-

ing of domestic abuse, as required by SDCL 25-10-5.

The sole issue faced by this court is whether the extended protection order is an enforceable order which can form the basis for a criminal complaint. Stahl correctly notes that the court issuing the protection order did not follow all the procedural rules set forth in SDCL ch. 25-10. He concludes that the order is, therefore, "patently invalid," subjecting him to a denial of substantive and procedural rights. We disagree.

Although this is not an appeal by a criminal defendant, the rule still applies that a party to a criminal proceeding will not be permitted to allege an error in proceedings in the trial court in which he himself acquiesced, or which was invited or induced by him. *United States v. Garrett*, 727 F.2d 1003 (11th Cir.1984), *affirmed* 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985); *State v. Johnson*, 272 N.W.2d 304 (S.D.1978); *State v. Parker*, 263 N.W.2d 679 (S.D.1978); 24A C.J.S. Criminal Law § 1842. This is consistent with the rule in civil cases that a party cannot attack or appeal from a decree entered with his consent, absent grounds such as mistake or fraud. *Sauer v. Rhoades*, 338 Mich. 679, 62 N.W.2d 634 (1954); 60 C.J.S. Motions & Orders § 62(2).

Here, Stahl had his opportunity for a full hearing on the matter, but he waived it by stipulation. He not only consented to the continuation of the temporary order, he was instrumental in bringing it about. The record indicates that Stahl's attorney prepared the extended order which he is now attacking. Certainly, any alleged error on the part of the court issuing the protection order was induced by Stahl.

Stahl also argues that this case is controlled by our decisions in *Petition of Brockmueller*, 374 N.W.2d 135 (S.D.1985), and *Honomichl v. State*, 333 N.W.2d 797 (S.D.1983). These cases are, however, clearly distinguishable, since they involved the failure of the state to file criminal informations in DWI cases. We ruled that a court cannot acquire subject matter jurisdiction over a DWI offense unless a formal and sufficient indictment or information is filed. *Brockmueller*, 374 N.W.2d at 137. There has been no such failure on the part of the state in the present case. Rather, we have a civil protection order, the continuation of which was fully agreed to by Stahl. Therefore, Stahl cannot be allowed to complain about the extended order or argue its validity.

The order of the trial court is reversed and remanded.

MILLER, J., disqualified.