STATE of South Dakota, Plaintiff
and Appellee,

v.

Irvin SCHOENWETTER, Defendant
and Appellant.

No. 16567.

Supreme Court of South Dakota.

Considered on Briefs Jan. 8, 1990.

Decided March 7, 1990.

John M. Strohman, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

George H. Danforth, Huron, for defendant and appellant.

HENDERSON, Justice.

### PROCEDURAL HISTORY/ISSUES

On August 11, 1988, Irvin Schoenwetter (Schoenwetter) was charged by complaint with alternative counts of Rape in the Third Degree (SDCL 22–22–1(6)) or Rape in the First Degree (SDCL 22–22–1(4)) based upon the results of an investigation conducted in part by the South Dakota Department of Social Services. On August 18, 1988, the Beadle County State's Attorney filed application for recordation of testimony by video pursuant to SDCL 23A–12–9. On August 19, 1988, the court issued an order granting the application.

Pursuant to agreement, arraignment was conducted on the morning of trial, November 30, 1988, after an information was filed charging Schoenwetter with Rape in the Third Degree (SDCL 22–22–1(6)).

Upon the evidence and after due deliberation, the jury found Schoenwetter guilty of Rape in the Third Degree in violation of SDCL 22–22–1(6). Schoenwetter was subsequently sentenced to serve ten (10) years in the South Dakota State Penitentiary. On appeal, Schoenwetter argues:

1) that the trial court erred in admitting into evidence the out-of-court videotaped interview of C.S. (victim) under SDCL 19–16–38.

2) that the evidence presented at trial was not sufficient to support conviction.

—Holding—

We affirm Schoenwetter's conviction.

### FACTS

On July 9, 1987, Schoenwetter, who was twenty-three years of age, began living with his stepmother, M.S., and her children,

C.S. and J.S., following the death of their father. Schoenwetter, the half-brother of both C.S. and J.S., helped take care of M.S.'s children. M.S. was employed evenings outside the home until some time during the week of July 20, 1987, when she quit her evening employment and was subsequently able to tend to the children herself. Schoenwetter continued to live with the children and their mother until the first week in October 1987, at which time he decided to leave the city where the family resided.

In March of 1988, C.S. began displaying unusual behavior. During a discussion with C.S., M.S. and the stepfather of C.S. learned the details of an incident with Schoenwetter. C.S. told her parents that during the month of July 1987, Schoenwetter sexually penetrated her with his finger.

Upon becoming informed of the incident, the mother and stepfather of C.S. took her to see a physician for an examination. The physician was unable to determine whether or not there was any penetration. On June 15, 1988, after being notified by the mother of C.S. as to the details of the incident, Linda Hanks of the South Dakota Department of Social Services interviewed C.S. The interview was recorded on videotape. During this interview, C.S. gave a step-by-step description of her incident with Schoenwetter. On the basis of this and other evidence, Schoenwetter was subsequently charged with alternative counts as Rape in the Third Degree or Rape in the First Degree.

C.S. testified at trial about the details of the incident. After she testified, the trial court recessed and heard argument regarding the introduction of the videotaped interview of C.S., conducted by Linda Hanks. The jury was allowed to view, over objection, the out-of-court videotaped interview of C.S.

## DECISION

I. *The videotaped out-of-court interview of C.S. was properly admitted into evidence under SDCL 19–16–38.*[1]

Schoenwetter argues that the videotaped interview of C.S. was inadmissible on the basis that: 1) the trial court failed to establish sufficient indicia of reliability as required under SDCL 19–16–38; 2) that all possible statutes under which the videotaped interview could have been admitted were not excluded prior to its admission. We disagree.

A. *Sufficient indicia of reliability was established by the trial court prior to admitting the videotaped interview of C.S.*

SDCL 19–16–38(1) provides for admission of hearsay statements of a youth victim of a sex crime only in the event a trial court finds that the time, content, and circumstances of the statement provide sufficient indicia of reliability. The trial court conducted a hearing outside the presence of the jury and granted the state's request, concluding that the videotaped interview of the child provided sufficient indicia of reliability as required under SDCL 19–16–38(1). In making its determination as to the sufficient indicia of reliability, the trial court properly considered the factors

---

1. SDCL 19–16–38 provides:

A statement made by a child under the age of ten describing any act of sexual contact or rape performed with or on the child by another, not otherwise admissible by statute of court rule, is admissible in evidence in criminal proceedings against the defendant or in any proceeding under chapter 26–8 in the courts of this state if:
1) The court finds, in a hearing conducted outside the presence of the jury, that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
2) The child either:

(a) Testifies at the proceedings; or
(b) Is unavailable as a witness
However, if the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.
No statement may be admitted under this section unless the proponent of the statement makes known his intention to offer the statement and the particulars of it, including the name and address of the declarant to the adverse party sufficiently in advance of trial or hearing to provide the adverse party with a fair opportunity to prepare to meet the standard.

set forth in SDCL 19–16–38 and in *State v. McCafferty*, 356 N.W.2d 159 (S.D.1984).[2] The Court rationalized:

> I find in this particular case, the standards set forth in SDCL 19–16–38 have been met. The child has testified at these proceedings, and more importantly, I find there's sufficient indicia of reliability based upon her age. She appears fairly mature for a seven year old. Despite the passage of a little over a year, the testimony set forth here is substantially the same, although there are some discrepancies which are on the tape, but they don't seem to me to be fatal, and based upon the—based upon these indications, I'm going to allow this to be played. The intent to use this tape was made known in October and the Defendant has had a fair opportunity to meet that and defend against that.

Hence, each element set forth in SDCL 19–16–38(1) was, in fact, addressed by the trial court. Part 2 of the statute was met by C.S.'s testimony at trial. The determination of whether statements are admissible under SDCL 19–16–38 is within the sound discretion of the trial court. There was no manifest abuse of discretion.

> B. *The trial court was not required to specifically find that the videotaped interview of C.S. was inadmissible under any statute or rule of law prior to admitting it under SDCL 19–16–38.*

■ Part B of Schoenwetter's first issue on appeal is unsupported by any citation to authority. Schoenwetter fails to provide any authority for the proposition that he was entitled to a specific finding regarding the videotape's inadmissibility under other statutes or rules of law. "The failure to cite supporting authority is a violation of SDCL 15–26A–60(6) and the issue is hereby deemed waived." *See Graham v. State*, 328 N.W.2d 254 (S.D.1982). *State v. Shull*, 331 N.W.2d 284, 285 (S.D.1983).

**2.** *See McCafferty v. Solem*, 449 N.W.2d 590 (S.D. 1989); the decision therein did not pertain to

II. *The evidence presented at trial was sufficient to support conviction.*

■ Schoenwetter argues that there was not sufficient evidence to find him guilty beyond a reasonable doubt. In reviewing the sufficiency of the evidence, this Court must accept the evidence and the inferences the jury may have drawn from the evidence to support the verdict. *State v. Herrald*, 269 N.W.2d 776 (S.D.1978). The verdict will not be set aside if the evidence and the reasonable inferences drawn therefrom sustain a rational theory of guilt. *State v. Ree*, 331 N.W.2d 557 (S.D.1983).

Considering the testimony of the mother, victim and the tape, there is sufficient evidence in the record to sustain a finding of guilt beyond a reasonable doubt.

Affirmed.

WUEST, C.J., and MORGAN, SABERS and MILLER, JJ., concur.

the indicia reliability factors.