**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Virgil SPAANS, Defendant and Appellant.**

**No. 16738.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 13, 1990.

Decided May 2, 1990.

Michael E. Unke, Salem, for defendant and appellant.

Ann C. Meyer, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

SABERS, Justice.

Virgil Spaans appeals his conviction for sexual contact with a child under the age of sixteen years.

### Facts

In the fall of 1987, Spaans shared an apartment with the father of B.O., a four-year-old girl, and C.O., a two-year-old boy. The children lived with their mother, but spent every other weekend with their father. On at least one of the children's visits with their father in November of 1987, Spaans allegedly abused the children sexually.

Several months later, the girl informed her mother about the sexual abuse. Mother contacted her therapist, Esther Crandall, for advice. Upon the recommendation of the South Dakota Department of Social Services, the girl eventually began to see Crandall for therapy and evaluation. Shortly thereafter, Crandall also talked to the boy because he asked to see her. Both children told Crandall about the sexual abuse. Crandall referred both children to clinical psychologist Mary Carole Curran for evaluation and treatment. The children also told Curran about the sexual abuse.

In June of 1988, Spaans was charged with one count of rape and three counts of sexual contact with a child under sixteen. On October 6, 1988, the State filed a motion to allow hearsay testimony by Crandall and Curran about the sexual abuse. On November 4, the State filed a notice of intent to use the hearsay testimony of Crandall and mother. In January of 1989, counsel for Spaans took the deposition of Curran. Before trial, Spaans moved to prevent the State's experts from testifying as to their opinion of the truthfulness of the children. The court granted this motion.

Spaans was tried before a jury on May 2, 3, and 4, 1989. Both children testified at trial after they were found competent to testify; defense counsel chose not to cross-examine the girl. After the children's testimony, the State moved, pursuant to SDCL 19–16–38,* to admit the hearsay testimony of what the children told their mother, Crandall, and Curran about the sexual abuse. The trial court determined that the testimony of all three witnesses satisfied the requirements of the statute and it was admitted. Curran also testified, over Spaans' objection, about the behavioral characteristics of sexually abused children.

The jury found Spaans guilty of one count of sexual contact with a child under sixteen years of age, and he was sentenced to four years and six months in the state penitentiary. Spaans appeals claiming the trial court erred in receiving 1) the hearsay testimony, and 2) the testimony regarding the behavioral characteristics of sexually abused children.

### 1. Hearsay testimony.

■ Spaans asserts three reasons the trial court erred in admitting the hearsay testimony. First, he claims the court did not make a finding regarding the reliability

---

* SDCL 19–16–38 provides:

A statement made by a child under the age of ten describing any act of sexual contact or rape performed with or on the child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings against the defendant or in any proceeding under chapter 26–8 in the courts of this state if:

(1) The court finds, in a hearing conducted outside the presence of the jury, that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
(2) The child either:

(a) Testifies at the proceedings; or
(b) Is unavailable as a witness.
However, if the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

No statement may be admitted under this section unless the proponent of the statement makes known his intention to offer the statement and the particulars of it, including the name and address of the declarant to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet the statement.

of the hearsay statements. Second, he claims he did not receive proper notice about all of the hearsay testimony. Third, he claims there was no corroborative evidence of the sexual contact as required by statute.

SDCL 19–16–38 requires a finding by the court that "the time, content and circumstances of the statement provide sufficient indicia of reliability" before hearsay testimony may be admitted under that statute. In *State v. Thompson,* 379 N.W.2d 295, 298 (S.D.1985), we stated that to satisfy this provision of the statute "[t]he court must make an affirmative finding of the reliability of the statements." In regard to the testimony of both the mother and Crandall, the court stated that the interests of justice would be served by admission of the testimony and that the time, content, and circumstances of the statements provided sufficient reliability. Although the record of the trial court's factual basis for its ruling is sparse, Spaans fails to point out on appeal any weakness in the factual basis.

The trial court's position in regard to the testimony of Curran is also general. The trial court indicated that the purpose of the statute was generally served by the admission of Curran's testimony. In some cases, this may be an insufficient record to sustain the trial court, but Spaans offered no reason to disallow the testimony. Therefore, under the facts and circumstances of this case we affirm the trial court's determination regarding the reliability of this hearsay testimony.

■ SDCL 19–16–38 requires the proponent of a hearsay statement to notify the adverse party of his intent to introduce the hearsay testimony. The purpose for the notice requirement is "to provide the adverse party with a fair opportunity to prepare to meet the statement." SDCL 19–16–38. Consequently, notice under the statute will be sufficient as long as the adverse party has a fair opportunity to prepare for the hearsay statements. Notice regarding the mother and Crandall was sufficient. In early November of 1988, the State notified Spaans of its intention to use the hearsay testimony and included detailed notes regarding the content of that testimony. Although the notices did not include the addresses of the declarants, we will not reverse on that basis alone without a showing of some prejudice to the adverse party due to such an omission.

The State never formally notified Spaans of its intention to introduce the hearsay testimony of Curran, but Spaans was aware well in advance of trial of the State's intention to do so. In October of 1988, the State moved to allow the hearsay testimony of Curran, and Spaans subsequently deposed Curran, making him aware of the content of her testimony. Spaans was not prejudiced in any way due to the notice he received. Therefore, we conclude that the State provided sufficient notice. *See People v. Wood,* 743 P.2d 422, 427 (Colo.1987) ("The defendant may not use the notice provision of [Colorado equivalent of SDCL 19–16–38] ... to complain of the admission of testimony when it is apparent that defense counsel in fact possessed" information necessary to defend his client.).

■ Hearsay testimony of a child's statements cannot be admitted under SDCL 19–16–38 unless the child testifies or is unavailable as a witness. If the child is unavailable, the testimony will be admitted only if there is corroborative evidence of the sexual contact. Spaans claims on appeal that the children were unavailable and the necessary corroboration is not present.

Although the testimony of either child may not have been meaningful, or capable of cross-examination, the trial court never ruled that the children were unavailable as witnesses. Nor did Spaans ever request such a ruling. Consequently, the children were not "unavailable," making corroboration unnecessary.

### 2. *Behavioral characteristics of sexually abused children.*

■ Spaans claims the trial court erred in allowing Curran to testify regarding the symptoms of children that have been sexually abused. A trial court's decision regarding the qualification of experts and the admission of their testimony will only be reversed upon a showing of an

abuse of discretion. *State v. Bachman,* 446 N.W.2d 271 (S.D.1989). *Bachman* dealt with this issue and held "that the trial court did not err in admitting expert testimony concerning the traits and characteristics typically found in sexually abused children." *Id.* at 276. Although Justice Henderson and I dissented in *Bachman,* the expert testimony in this case is sufficiently different to warrant its admission. Curran only briefly discussed the general characteristics of sexually abused children. She did this at the end of her testimony and acknowledged on cross-examination that a divorce could produce the same symptoms or characteristics. The jury was left to draw its own conclusions about whether the behavior of the children fit these characteristics, and, if so, whether it was caused by divorce or sexual abuse. Unlike the situations in *Bachman, State v. Logue,* 372 N.W.2d 151 (S.D.1985), or *McCafferty v. Solem,* 449 N.W.2d 590, 598 (S.D.1989), the testimony remained general and did not go directly to the ultimate issue of credibility. Therefore, the trial court did not abuse its discretion when it allowed the expert testimony in this case.

WUEST, C.J., and MORGAN and MILLER, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

Spaans was tried, before a jury, on four counts. His Honor dismissed Count III and IV, both counts accusing Spaans with Sexual Contact with a Child Under Sixteen in violation of SDCL 22–22–7. On the remaining two counts, the jury found Spaans not guilty on Count I—Rape in violation of SDCL 22–22–1(4) and guilty on Count II—Sexual Contact with a Child Under Sixteen in violation of SDCL 22–22–7. Spaans was sentenced to serve four years and six months in the South Dakota State Penitentiary.

Without, again, regaling the reader with my extensive writings on this subject, I call the reader's attention to my special concurrence in *State v. Hallman,* 391 N.W.2d 191, 196–7 (S.D.1986) for my concern that incest or rape trauma victims cannot be singled out, specifically, in a given factual scenario, by professional experts as having had a crime perpetrated upon them; and, also, my dissent in *State v. Bachman,* 446 N.W.2d 271 (S.D.1989), for my general academic viewpoint, spiced with numerous authorities on rape trauma syndrome, that it is improper to permit an expert to suggest that a complainant exhibits rape trauma syndrome, (or having been sexually contacted) because there is a certain aura of special reliability and trustworthiness implicit in the experts' testimony (hearsay evidence vaulted over solid evidence); and, lastly, my dissent in *McCafferty v. Solem,* 449 N.W.2d 590 (S.D.1989), wherein I attempted to pinpoint the difference in behavioral science expert testimony, bearing on the credibility of sexually abused children. One concept pertains to approval or disapproval of expert testimony on credibility of a victim. Eleven authorities did I root out which decries a stamp of approval of expert testimony on credibility. *McCafferty.* In *McCafferty,* at 596, I pointed out that some courts refuse to permit behavioral science experts to offer opinions on credibility of sexually abused children as a class. Justice Sabers' writing, now before us, is extremely brief on Issue 2 and cites three other cases I have mentioned above. So—we apply these facts to the holdings in those three cases, via the majority opinion by relying on majority opinions which I have hitherto been at odds. Therefore, I am distressed at voting against an affirmance on a child molestation conviction but must seek not a temporary consequence; rather, I must try to serve truth, as I dare to see it. Hearsay is a poor measure of truth. Under these circumstances, truth is hung on the scaffold. Why?

True, expert Curran did not render an opinion concerning the reliability of the victim. True, expert Curran testified on a general description of the traits and characteristics of sexually abused children. True, however, that expert Curran testified *about specific sexual acts* which these two young children told her about. Then, after the children told their tale, expert Curran would ask: "Is this a truth or a lie?"

Expert Curran testified that the children would answer "the truth." She was permitted to testify as to the characteristics of children who are sexually abused. Linking these together, we have a classic case of trial by expert and a substitution of credibility values: A jury is overwhelmed with the expert's opinion who becomes the fact finder. An invasion, within the province of the jury, occurs. Expert Curran's purpose is simple: To enhance the credibility of the witness. These social experts are taking over the role of the ancient and hallowed function—and the constitutional right to be adjudged guilty or innocent by a jury which properly determines the facts and credibility of witnesses. I view it as a terribly dangerous procedure to the Bill of Rights. *United States v. Azure*, 801 F.2d 336 (8th Cir.1986); *State v. Lindsey*, 149 Ariz. 472, 720 P.2d 73 (1986).