STATE, Respondent, v. FEHR, Appellant.

(189 N. W. 942.)

(File No. 5077.    Opinion filed September 29, 1922.)

1.  Evidence—Rape—Intercourse with Other Men, Prosecutrix, Contagious Venereal Disease Of, Her Being in Another's Custody, Immateriality of Questions.

    In a prosecution for rape, questioning of prosecutrix on cross-examination as to whether she had not had sexual intercourse with other men prior to the date of the alleged offense, whether she had not said on other occasions that she had had; whether prior to the date of the alleged offense she had had an infectious and contagious venereal disease, whether her testimony at the trial was not different than that she gave at preliminary examination, and whether she had been in some other person's custody since preliminary examination,—was immaterial; the only issue being: did the act of sexual intercourse take place on or about the date alleged, and was prosecutrix under 18 years of age on that date.

2.  Evidence—Rape—Whether Prosecutrix Had Changed Her Testimony Since Preliminary Hearing, Necessity of Laying Foundation and Introducing Former Testimony, As Mode.

    If prosecutrix, in a prosecution for rape, had changed her testimony since preliminary hearing, the way to show it was

by laying proper foundation and then introducing such portions of her former testimony as was material; the mere asking her whether she had not testified differently was an improper mode of dealing with the question.

3.  Evidence—Prosecution for Rape—Defendant Superintendent of Lighting Plant—Whether Prosecutrix Made Charge Because He Cut Off Light—Immateriality of Question.

Where it appeared in a prosecution for rape, against one who, having been superintendent of a city electric light plant, and who some time prior to date of alleged offense had cut off the light in prosecutrix's home because her step-father had failed to pay the light bill, that prosecutrix had testified she did not know why the electric light had been cut off or that there had even been any trouble between defendant and her step-father; held, that the putting of the question to a witness as to whether prosecutrix had not said to her, "they [referring to members of prosecutrix's family] want me to go to the state's attorney, they don't care for me, they want to get Fehr, and they are using me for a tool," was immaterial; it further appearing that prosecutrix did not report the offense charged until it had been made public from another source.

4.  Trial—Instructions—Refusal of Requested Instruction, Point Covered by One Given as Curing Error.

Where a refused requested instruction was fully covered by one given by the court, no error was committed.

5.  Rape—Uncorroborated Testimony of Prosecutrix, Conviction Upon—Refused Instruction Re, Considered.

In a prosecution for rape, trial court refused an instruction that while one may be convicted of rape upon uncorroborated testimony of complaining witness, this cannot rightfully be done when her testimony is "unreliable or improbable or where witness has been fairly impeached." Held, that in cases of this kind testimony of prosecutrix is governed by same rules as testimony of other witnesses; the probability or improbability, consistency, inconsistency of different parts of her testimony with other testimony, the extent to which it is corroborated and the interest she may have in result of trial may all be considered by jury, of which matters jury is sole judge; upon which points jury was properly instructed.

6.  Same—Corroboration, Whether Opportunity to Commit the Crime Constitutes Corroboration—Refused Instruction Construed.

In a prosecution for rape trial court properly refused a requested instruction that evidence of opportunity to commit the crime of rape is not considered of itself to constitute corroboration; evidence of such opportunity being corroboration

as far as it goes, but not being proof in any degree that rape has been committed; and where prosecutrix testified that sexual intercourse occurred at a certain time and place, and defendant admits he was with her than and there, such facts corroborate prosecutrix to that extent.

7. **Trial—Rape—State's Attorney's Inquiry of Jury Re Defendant's Motive, His Statement Re Opportunity to Commit Crime— Non-error.**

That state's attorney in his closing argument in a prosecution for rape, asked jury: "What motive did this girl have for accusing him of this crime?" did not constitute error on ground that court had refused to permit defendant to show an improper motive by rejecting offered evidence because incompetent. Held, further, that in his statement to jury that in crimes of this kind "usually the only corroborative evidence that can be introduced is evidence of opportunity to commit them," did not constitute error.

8. **Appeal—Rape—Prosecutrix's Testimony, Sufficiency Of if True— Question for Jury.**

The only ground upon which appellant, convicted of rape, alleges insufficiency of evidence being that prosecutrix's testimony is untrue; held, she having testified to every detail constituting the offense, her testimony if true was sufficient; but whether true or false was question for jury.

Appeal from Circuit Court, Hyde County.   Hon. JOSEPH H. BOTTUM, Judge.

The defendant, Arnold H. Fehr, was convicted of the crime of rape in the second degree, and he appeals.   Affirmed.

. C. E. Noel, and Stephens & McNamee, for Appellant.

Byron S. Payne, Attorney General, and Vernon R. Sickel, Assistant Attorney General, for Respondent.

.      (1)   Under point one of the opinion, Appellant cited, re previous intercourse:  People v. Wilson, 41 L. R. A. (N. S.) 216; re defendant's custody: State v. Much, 17 S. D. 321; People v. Fong Chung (Cal.), 91 Pac. 105; re venereal disease: People v. Fong Chung, supra.

.   Respondent cited, re venereal disease:   State v. Smith (S. D.), 100 N. W. 740.

(5)   To point five, Appellant cited:   Thompson on Trials, (2nd ed.), Vol. 1, Secs. 450-459.

(6)   To point six, Respondent cited:   State v. Rash (S. D.), 130 N. W. 91.

.POLLEY, J.   Defendant was convicted of the crime of rape in the second degree and appeals to this court.

The prosecutrix is a 16 year old girl, and except for the time, place, and opportunity, which is admitted by the appellant, the conviction rests upon the uncorroborated testimony of the prosecutrix.   Some 21 assignments are based on rulings of the trial court in the reception and rejection of testimony.   Space forbids a detailed consideration of each of these assignments, but they have all been carefully examined, and after such examination we fail to find wherein or how appellant has been injured or prejudiced by any of the rulings complained of.   The offense is alleged to have been committed on the 9th day of August, 1921.

[1, 2]   The prosecutrix was asked on cross-examination if she had not had sexual intercourse with other men prior to that date, and if she had not said on other occasions that she had had sexual intercourse with men other than the appellant.   She was asked if she had not prior to the 9th day of August, 1921, had an infectious and contagious venereal disease, and if her testimony at the trial was not different from the testimony she gave at the preliminary examination; also, if she had been in custody of some person since the preliminary examination and up to the trial.   We fail to see the materiality of any of these matters. The only issues before the jury were:   Did the act of sexual intercourse take place on or about the 9th day of August? and was the prosecutrix under 18 years of age on that date?   If the prosecutrix changed her testimony since the preliminary hearing, the way to show it was by laying the proper foundation, and then introducing such portions of her former testimony as might be material.   Whether she had had sexual intercourse with any one prior to the date named in the information, or whether she had had a venereal disease prior to that date, was wholly immaterial.

[3]   For the purpose of showing that the prosecutrix had been prompted by improper motives in accusing appellant, a witness was asked if the prosecutrix had not said to her:

"They [referring to members of the prosecutrix's family] want me to go to the states' attorney; they don't care for me; they want to get Fehr, and they are using me for a tool."

This question was excluded, on the ground that it was immaterial and that no foundation had been laid. It appears from the record that appellant, at the time of the alleged offense, was superintendent of the city electric light plant; that at some time prior to the date of the alleged offense the electric current had been cut off by appellant in prosecutrix's home, because her step-father had failed to pay the electric light bill; and it is the theory of appellant that the prosecutrix made this charge against him as a means of getting even with him for cutting off the electric light. But the prosecutrix testified that she did not know why the electric light had been cut off, or that there had ever been any trouble between appellant and her stepfather. Moreover, it appears conclusively from the evidence that the prosecutrix did not report the offense charged in the information until it had been made public from some other source.

[4, 5] Three assignments of error are based on requested instructions that were refused by the court. The first of these instructions is fully covered by an instruction given by the court and need be given no further notice. The second of these requests is as follows:

"While a person may be convicted of the crime of rape upon the uncorroborated testimony of the complaining witness, yet this cannot rightfully be done where the testimony of such witness is unreliable, or improbable, or where the witness has been fairly impeached."

In a case of this kind the testimony of the complaining witness is governed by the same rules as the testimony of other witnesses. The probability or improbability, consistency or inconsistency, of the different parts of her testimony with other testimony in the case, the extent to which her testimony is corroborated by other evidence in the case, and the interest she may have in the result of the trial are all matters that may properly be considered by the jury. But of such matters the jury is the sole judge, and the jury was so instructed in this case.

[6] Appellant requested the court to instruct the jury:

"That evidence of opportunity to commit the crime of rape is not enough of itself to constitute corroboration."

This request was refused, and rightfully so. Evidence of opportunity is corroboration, so far as it goes. Evidence of op-

portunity alone is not *proof* in any degree that rape has been committed; but where the prosecutrix testifies that an act of sexual intercourse occurred at a certain time and place, and it is admitted by the defendant that he was with the prosecutrix at that time and place, and that they had the opportunity to have sexual intercourse, such facts corroborate the prosecutrix to that extent.

[7]   In the course of the state's attorney's closing argument to the jury he said:

"What motive did this girl have for accusing him of this crime?"

It is contended by appellant that this remark constitutes error, because the court had refused to permit him to show an improper motive, but rejecting certain evidence offered because it was not competent for that purpose.   The state's attorney also said:

"In crimes of this kind usually the only corroborative evidence that can be introduced is evidence of opportunity to commit them."

This remark is disposed of by what has already been said on the subject of corroboration.

[8]   Lastly, it is claimed by appellant that the evidence is not sufficient to support the verdict. The only ground upon which this contention can be based is that the testimony of the prosecutrix is not true.   She testified to every detail constituting the commission of he offense.   If true, such testimony was sufficient, but whether true or false presents a question of veracity upon which the finding of the jury is conclusive.

The judgment and order appealed from are affirmed.