STATE, Respondent, v. WILLIAMS, Appellant.

(196 N. W. 291.)

(File No. 5221. Opinion filed December 3, 1923.)

1. **Criminal Law—Evidence—Venue—Evidence Held to Show Act Occurred in Certain County.**

    Evidence held to show intercourse with prosecutrix occurred in R. County. :

2. **Criminal Law—Evidence—Question and Answer as to Whether Witness Remembered Statement in Letter to Prosecutrix Held Not Prejudicial.**

    Permitting question to witness for state whether she recollected any statement in a letter addressed to prosecutrix by accused, and admission of her affirmative answer, held not prejudicial.

3. **Criminal Law—Evidence—Objection to Testimony Held Too General to Raise Question.**

    An objection, made to the introduction of testimony by witness as to whether she remembered any statement made by accused in a letter addressed to prosecutrix, on the ground it was without foundation, incompetent, immaterial, not binding on accused, and was not the best evidence, held too general to raise any question.

4. **Rape—Evidence—Admission of Testimony as to Contents of Letter addressed to Prosecutrix by Accused Held Not Prejudicial.**

Permitting prosecutor to ask witness to tell what she remembered was in a letter addressed to prosecutrix by accused and permitting her to answer, "Will see you Saturday night with a hug, and kiss me, you know," over general objections, held not prejudicial error.

5. **Criminal Law—Verdict—Appeal and Error—Error Cannot Be Predicated on Trial Court's Refusal to Advise Verdict.**

Trial court's refusal to advise a verdict is not a ground on which error can be predicated.

6. **Criminal Law—Evidence—Acts of Intercourse with One Under Age of Consent, Committed Prior to Act Charged, Held Admissible.**

Where the female is under the age of consent, acts of intercourse between her and defendant prior to the acts charged in the indictment are admissible, as tending to sustain the principal charge, by showing the relation and intimacy of the parties.

7. **Rape—Evidence—Uncorroborated Testimony of Prosecutrix Held Sufficient to Convict.**

Uncorroborated testimony of prosecutrix held sufficient to sustain conviction for rape, where it did not appear the testimony was unreliable or improbable.

Appeal from Circuit Court, Roberts County; Hon. B. A. WALTON, Judge.

Smiley Williams was convicted of rape, and appeals. Affirmed.

*Babcock & Babcock,* of Sisseton, for Appellant.

*Buell F. Jones,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Respondent.

(5) To point five of the opinion, Respondent cited: State v. Stone, 30 S. D. 30.

(6) To point six, Respondent cited: 22 R. C. L. 1205.

(7) To point seven, Appellant cited: State v. Connelly, 57 Minn. 482.

Respondent cited: State v. Dachtler (S. D.), 179 N. W. 653, 22 R. C. L. 1222.

ANDERSON, P. J. Defendant was convicted of statutory rape, alleged to have been committed upon one Hazel Quarten. Motion for new trial was denied, and defendant appeals from the judgment and order.

Prosecutrix, Hazel Quarten, was at the time of the alleged rape 14 years old. Defendant is married to an older sister of

Hazel. Both are daughters of George Quarten. Defendant and wife have a home near Sisseton Agency, this state. Quarten lives a few miles distant. In fall of 1921 defendant was helping his father-in-law with his farm work. Defendant's wife and child were with him at the Quarten home during this time, and defendant and wife slept together in a room in the Quarten house. The information charges the commission of the crime on December 10, 1921, in Roberts county, this state. On the trial the state contended that the crime was committed in the Quarten home in December, 1921, about the time as charged in the information; that defendant came to prosecutrix's room and got into bed with her, and that defendant's wife, a sister of prosecutrix, came into the room and found defendant in bed with prosecutrix. This is denied by defendant, and also by defendant's wife, who testified that the only time she saw her husband in prosecutrix's room was when she and her husband went into the room together one evening to find some clothes for their baby. It is claimed by prosecutrix's father and mother that they were at the Quarten home all the time, and that if defendant had been guilty of the alleged crime some of them must have known it. Prosecutrix and one Lorna Swayze testified that they saw defendant and Henry St. Clair in her father's pasture some time prior to the occurrence of the sexual intercourse in the Quarten home, and that she, prosecutrix, and defendant separated from St. Clair and the Swayze girl and went behind a hill, stayed there about half an hour, and had sexual intercourse.

[1] It is contended by defendant that the pasture in question was not shown to be within Roberts county. The evidence, however, does show that the father's house was in Roberts county; that the pasture was about a mile from the father's house. It is further contended by the defendant that there was no showing that the intercourses, or either of them, took place within Roberts county. This we believe to be without foundation. Prosecutrix testified:

"I saw defendant the night before he quit. I saw him in my room. That room was in my father's house. I was in bed with him that night. He hugged me and kissed me. I had a nightdress on that night. Defendant pulled up my nightdress and had sexual intercourse with me there in bed in my father's house. He

put his privates in my privates. I recollect one night when defendant came into my room and his wife came in afterwards. My sister Gladys was sleeping in the same room in another bed. I slept alone that night; when my sister came in. She is defendant's wife. She talked to me and to him. Defendant was in bed with me. I remember getting a letter or a note about Christmas, delivered to me by Stella Richardson. I read that note and saw the handwriting. It was Smiley Williams' handwriting. It was addressed to Stella Richardson. She read the note in my presence. So did Lorna Swayze and I. After I read it, I gave it back to Stella Richardson. I do not recollect anything that was in that letter. I received other letters from Smiley, but not by mail. He gave them to me at home. I recollect Christmas Eve, 1921. I was at the schoolhouse program that night. I saw Smiley there that night. I saw him in the schoolhouse, then in the entry, and then out behind the toilet. I was there by the toilet at that time. He kissed me and hugged me in the presence of Henry St. Clair and Lorna Swayze. My father's home is in Roberts county, S. D. I was 14 years old October 5, 1921. Smiley quit working for father the next night after he had intercourse with me in the bed in father's house."

[2, 3] By assignment 1 defendant predicates error on asking the question and the answer made by Stella Richardson as follows:

"Q. Now, Stella, can you recollect at this time any statement that was in that letter? (To which defendant objected as without foundation, incompetent, immaterial, not binding on defendant, not the best evidence. Objection overruled.) A. Yes, sir."

We fail to see how this question and the answer to it could possibly prejudice this defendant. Aside from that, objection is too general to raise any question.

[4] By assignment 2 appellant predicates error on this question and answer:

"Q. Just tell the court and the jury what you remember was in this letter. (Objected to on the same grounds. Objection overruled. Exception taken.) A. Will see you Saturday night with a hug, and kiss me, you know."

In this we find no prejudicial error.

[5]   By assignment 3 appellant predicates error by the court in denying defendant's motion, at the close of all the testimony, to advise the jury to return a verdict of not guilty, on the grounds that the evidence is insufficient to support the conviction, and for the reason that prosecutrix was not corroborated in her testimony. As to the court's refusal to advise a verdict, no error can be predicated, for the reason that this court has repeatedly held that the court's refusal to advise a verdict is not a ground upon which error can be predicated. State v. Stone, 30 S. D. 30, 137 N. W. 606; State v. Guffey, 39 S. D. 84, 163 N. W. 679.

[6]   By assignment 4 error is predicated on the part of the court in refusing to instruct the jury as follows:

"The jury are instructed that in this case there is no compe-tent evidence which can be considered by the jury as to any al-leged act of intercourse occurring between defendant and prose-cutrix, except that alleged to have occurred at the Quarten house, and that the jury should disregard all testimony as to intercourse alleged to have occurred in the pasture."

This instruction was properly refused.

"It is well settled by the weight of authority that in prosecu-tions for rape upon one under the age of consent the acts of in-tercourse between the parties prior to the acts charged in the indictment may be given in evidence as tending to sustain the principal charge by showing the relation and intimacy of the par-ties." 22 R. C. L. 1205.

[7]   Counsel for appellant contends that the court erred in overruling defendant's motion for new trial on account of insuffi-ciency of the eivdence to support the verdict and judgment in this:   That there is no evidence in the record sufficient to support the charge that defendant had sexual intercourse with prosecutrix; that verdict and judgment are contrary to the evidence; that testi-mony of prosecutrix is entirely uncorroborated and insufficient to support the verdict and judgment. In the case of State v. Dacht-ler, 43 S. D. 407, 179 N. W. 653, this court held that a person may be convicted upon the uncorroborated testimony of prosecu-trix, but that this cannot rightfully be done where from the record it appears that such testimony was unreliable, improbable, or where such witness has been fairly impeached. This is not the situation in the case at bar.   22 R. C. L. 1222.

The judgment and order of the trial court are affirmed.

Note.—Reported in 196 N. W. 291. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 564(1), 16 C. J. Sec. 1572; (2) Criminal law, Key-No. 1169(1), 17 C. J. Sec. 3662; (3) Criminal law, Key-No. 695(4), 16 C. J. Sec. 2199; (4) Rape, Key-No. 44, Criminal law, 17 C. J. Sec. 3662; (5) Criminal law, Key-No. 753(2), 16 C. J. Sec. 2300; (6) Criminal law, Key-No. 369(8), 16 C. J. Sec. 1194, Rape, 33 Cyc. 1483; (7) Rape, Key-No. 54(1), 33 Cyc. 1496.

On the question of evidence of other crimes in prosecution for rape, see notes in 62 L. R. A. 314, 322, 329; 48 L. R. A. (N. S.) 236.