STATE, Respondent v. FULKS, Appellant

(160 N.W.2d 418)

(File No. 10462. Opinion filed July 24, 1968)

**Kenneth Heisterkamp,** Rapid City, for defendant and appellant.

**Frank L. Farrar,** Atty. Gen., **Donald E. Erickson,** Ass't Atty. Gen., Pierre, **James R. Brennan,** State's Atty., Rapid City, for plaintiff and respondent.

HANSON, Presiding Judge. ·

Davine Shangreaux, a thirteen year old girl, was the victim of an alleged multiple rape in a Rapid City motel on March 22, 1967 by defendant, Milton Fulks, and two other negro airmen. The three participants were charged with the crime of second degree rape and were separately tried. Defendant appeals from his conviction.

Several of the same alleged errors assigned by defendant were presented and considered by this court in the companion case of State v. Billy Gene Barber, which was decided May 13, 1968 and reported in 158 N.W.2d 870. It was there determined: (1) the variance between Davine Shangreaux's alleged age of fifteen and her proven age of thirteen, was not substantial or prejudicial as both ages were below the critical age of consent; (2) allegations and proof of force, violence, and resistance are surplusage and immaterial in a charge of second degree

rape under SDC 13.2801, where the female is under the age of eighteen years; and (3) the search of the motel unit and seizure of evidence therefrom such as bed clothing did not violate defendant's statutory or constitutional rights as he has no standing to complain of a search or seizure of another's premises or property.

Citing and relying on the case of People v. Hernandez, 61 Cal.2d 529, 39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092, defendant further contends the trial court erred in failing to instruct the jury that the state was obligated to prove defendant knew the complaining witness was below the age of consent. The Hernandez case involved a prosecutrix who was seventeen years and nine months old at the time she voluntarily and willingly engaged in sexual intercourse with the defendant. Under those circumstances, the California court held that a reasonable belief the girl was over the age of consent was a defense in a prosecution for statutory rape. This same contention was urged upon and rejected by this court on rehearing the case of State v. Klueber, 81 S.D. 223, 132 N.W.2d 847, which involved the related crime of indecent molestation of a child.

 The crime of second degree rape commonly referred to as statutory rape is defined by SDC 13.2801 as "an act of sexual intercourse accomplished with a female, not the wife of the perpetrator * * where the female is under the age of eighteen years." This is one of a rather large class of crimes where concert of act and criminal intent is not required. State v. La Mont, 23 S.D. 174, 120 N.W. 1104. Carnal knowledge of a female under the age of eighteen years, not the wife of the prepetrator, with or without her consent constitutes the crime. Lack of consent, lack of force, and lack of resistance are not essential elements. A person who engages in sexual intercourse with a female below the statutory age of consent does so at his peril. The arbitrary age of consent in these cases has been established by our legislature as a matter of public policy for the obvious protection of young and immature females. We cannot properly make exceptions. Therefore, in a prosecution for alleged statutory rape a defendant's knowledge of the age of the girl in-

volved is immaterial and his reasonable belief that she is over the age of eighteen years is no defense. See Annot., 8 A.L.R.3d 1100; I Wharton's Criminal Law and Procedure § 321, p. 662; 75 C.J.S. Rape § 9, p. 471; 44 Am.Jur., Rape, § 18, p. 913; and see South Dakota Pattern Jury Instructions, Criminal 3-7-460.

■ Asserting the testimony of the prosecuting witness to be unreliable, improbable, and fairly impeached defendant contends the trial court erred in refusing to instruct the jury that her testimony had to be corroborated by other evidence in order to sustain a conviction. The same contention was asserted and rejected in State v. Fehr, 45 S.D. 634, 189 N.W. 942.

■ ■ It is not essential to a conviction of statutory rape that the testimony of the complaining witness be corroborated by other evidence. State v. Rash, 27 S.D. 185, 130 N.W. 91; State v. Dachtler, 43 S.D. 407, 179 N.W. 653, State v. Williams, 47 S.D. 68, 196 N.W. 291; Annot., 60 A.L.R. 1124. In discussing this subject in State v. Dachtler the court expressed its "full agreement with what we believe to be the uniform holding of those courts which, while holding that a person may be convicted of the crime of rape upon the uncorroborated testimony of the complaining witness, yet hold that this cannot be rightfully done where, from the whole record, it appears that such testimony is unreliable, improbable, or where such witness has been fairly impeached." This qualification is not a matter for jury determination. It merely provides a standard for courts in testing the sufficiency of evidence in these cases for submission of a case to the jury, for purposes of a new trial, and for review.

In any event, this case is not within the exception. The testimony of the prosecutrix was corroborated by her cousin, Violet Poor Thunder, as to how the girls were discovered and forcibly taken to a motel by four young negro men including this defendant; how the prosecutrix was forced into the rear bedroom; defendant's undressing in preparation for his turn; and the prosecutrix's appearance when she was allowed to come out of the bedroom immediately after this defendant had completed his turn. Her testimony was further corroborated by

matching fibers of her sweater found on the bed clothing and by medical testimony of recent sexual intercourse.

■■ Defendant's counsel interviewed the prosecutrix alone before trial and wrote down in narrative form her responses to his interrogation. This statement was received in evidence and read to the jury. Defendant claims certain portions of the statement impeach the testimony of the prosecutrix. However, this was a matter affecting the weight and credibility of her testimony. Any variation in her prior statements about the crime may easily be explained by the circumstances under which the statement was obtained. She may have misunderstood some of the questions and defendant's lawyer may have misinterpreted some of her responses. In this regard it must be remembered that the prosecutrix was a young Indian girl living on the Reservation near Martin and was fearful of having her involvement in this crime brought to the attention of people in her home community. She was not conversant with many words appearing in the statement and at the trial repeatedly denied knowingly making any statements contradictory to her testimony.

The following cautionary instruction was given to the jury:

"It is not essential to a conviction in this case that the testimony of the prosecuting witness be corroborated by other evidence provided that from all the evidence you are convinced beyond a reasonable doubt and to a moral certainty of defendant's guilt. However, a charge such as that made against the defendant in this case is one which, generally speaking, is easily made, and once made difficult to disprove even if the defendant is innocent.

"From the nature of a case such as this the complaining witness and defendant are usually the only witnesses to the actual act or acts constituting the crime. Therefore, you are instructed that the law requires that you examine the testimony of the prosecuting witness with caution."

By instructing the jury that from "the nature of a case such as this the complaining witness and defendant are usually the only witnesses to the actual act or acts constituting the crime" defendant contends his Fifth Amendment right against self-incrimination was violated as it inferentially compelled him to testify.

 The cautionary instruction given by the court is ordinarily given in sexual crimes when the victim is the prosecuting witness. It is generally considered mandatory in cases where conviction may be sustained on the uncorroborated testimony of the complaining witness. It is designed solely for the protection of the accused. As a practical matter the portion of the instruction objected to could be deleted without impairing the efficacy of the remaining instruction. Its inclusion, however, does not offend defendant's constitutional right against self-incrimination as it does not constitute comment on his failure to testify or give any evidentiary weight to his silence within the condemnation of Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, which holds that the Fifth Amendment "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." The challenged portion of the instruction merely states a well known biological fact. It contains no inferential compulsion to testify. Nor does it contain a direct or indirect allusion to defendant's failure to testify. The instruction applies to a case in which defendant testifies as well as a case in which he does not. Carrying defendant's reasoning to its logical conclusion would prohibit a court from instructing a jury that a defendant was charged with a particular crime. To do so would adversely identify him with the crime, thus compelling him to answer or explain.

We have carefully reviewed other assignments of error made by defendant, and finding no prejudicial error, the judgment appealed from is affirmed.

All the Judges concur.