STATE of South Dakota, Plaintiff
and Appellant,

v.

Diana STONE a/k/a Diane Bell,
Defendant and Appellee.

No. 17166.

Supreme Court of South Dakota.

Considered on Briefs Jan. 7, 1991.

Decided March 27, 1991.

Roger A. Tellinghuisen, Atty. Gen., Janine Kern, Sherri Sundem Wald, Asst. Attys. Gen., Pierre, for plaintiff and appellant.

Larry Von Wald, Rapid City, for defendant and appellee.

SABERS, Justice.

Trial court dismissed a felony drug indictment against Stone based on constitutional infirmity of statute. State appeals.

### Facts

Stone began sharing her apartment with co-tenant Larive in October, 1989. In November and December of 1989, an undercover police agent allegedly purchased illegal drugs from Larive at this apartment on three occasions. State claims Stone was present in the apartment on two of these three occasions.

On January 16, 1990, a Pennington County grand jury indicted Stone on one count of keeping a place for use or sale of controlled substances in violation of SDCL 22–42–10. On May 8, 1990, the circuit court granted Stone's motion to dismiss the indictment. The basis of the dismissal was that SDCL 22–42–10 omitted the element of knowledge or scienter and was unconstitutional under the due process clauses of U.S. Const. amend. XIV and S.D. Const. Art. VI, § 2.

### Decision

SDCL 22–42–10 provides:

Any person who keeps or maintains a place which is resorted to by persons using controlled drugs and substances for the purpose of using such substances, or which is used for the keeping

or selling of such substances, is guilty of a Class 5 felony.

On its face, SDCL 22–42–10 does not require that a person charged with its violation must *know* that the place she is keeping is being resorted to by persons using illegal drugs. It is not merely that this statute lacks a specific intent requirement, *see State v. Big Head*, 363 N.W.2d 556, 560–561 (S.D.1985), but rather that it appears to lack any intent requirement whatever. Facially, under the literal terms of the statute, it is conceivable that a landlord having no knowledge of his tenant's criminal activities might be convicted of a felony.

■ Legislative acts which are essentially public welfare regulatory measures may omit the knowledge element without violating substantive due process guarantees. *Holdridge v. United States*, 282 F.2d 302, 310 (8th Cir.1960). However, even assuming without deciding that a felony drug statute cannot be shoehorned into that regulatory category, we must still read the statute as constitutional if at all possible. *Cert. of Question from U.S. Dist. Court*, 372 N.W.2d 113, 116 (S.D.1985). "Whenever within the bounds of reasonable and legitimate construction, an act of the legislature can be construed so as not to violate the constitution, that construction should be adopted." *Matter of Certain Territorial Elec. Boundaries, Etc.*, 281 N.W.2d 65, 69–70 (S.D.1979) (citations omitted). "Whether criminal intent or guilty knowledge is an essential element of a statutory offense is to be determined by the language of the act *in connection with its manifest purpose and design*." *State v. Nagel*, 279 N.W.2d 911, 915 (S.D.1979) (emphasis added).

■ In *State v. Barr*, 90 S.D. 9, 237 N.W.2d 888 (1976), this court was also presented with a felony drug statute which contained, on its face, no element of knowledge. Our solution was simply to read

knowledge into the statute. We cited three reasons for doing so:

First, we note that courts in other jurisdictions have held that notwithstanding the absence of the word "knowingly" in statutes prohibiting the unlawful possession and sale of narcotic drugs and controlled substances, knowledge is an element of those offenses.

\* \* \* \* \* \*

Second, [noting that lesser statutory drug offenses contain the element of knowledge] ... it would be anomalous to hold that the legislature intended to require a lesser burden of proof on the part of the state in those offenses carrying the more serious maximum possible penalty[.]

\* \* \* \* \* \*

Finally, the state does not contend that knowledge is not an element of the offense described in [the statute].... The state contends ... merely ... that a person distributing a substance need not know that such an act is illegal[.]

90 S.D. at 15–17, 237 N.W.2d at 891–892.

The same considerations are present in construing SDCL 22–42–10. Other jurisdictions commonly read knowledge into drug statutes even when not facially required by the language of the statute. *See* cases cited in *Barr* at 90 S.D. 15, 237 N.W.2d 891. Other statutes with penalties less than SDCL 22–42–10 include the knowledge element. For example, SDCL 22–42–11 provides that "[a]ny person who inhabits a room *knowing*[1] that any controlled drug or substance is being illegally stored or used therein, is guilty of a Class 1 *misdemeanor*." (Emphasis added.) Finally, in its brief, "the State submits that SDCL 22–42–10 contains the element of intent[.]"[2]

We believe that *State v. Barr*, although not cited by either party, controls this case. Accordingly, we hold that, despite the ab-

---

1. The use of "knowing" or "knowingly" is clearly sufficient to express the knowledge requirement and is obviously preferrable in drafting criminal statutes.

2. State argues in part that the phrase "for the purpose of using such substances" supplies the element of knowledge in SDCL 22–42–10. We disagree on the basis that this phrase applies to the persons using the drugs rather than to the person keeping or maintaining the place.

sence of the word "knowingly" in SDCL 22–42–10, knowledge is an essential element of the offense. Because we hold that SDCL 22–42–10 requires knowledge, we need not reach the question whether SDCL 22–42–10 would violate due process if it did not require knowledge.

■ The indictment against Stone did not allege that she knew the place she maintained was being resorted to for the purpose of using illegal drugs. Although an indictment which does not contain all the essential elements of the offense charged is defective, "the defect is cured if the information sets forth the proper statute, the jury instructions set forth all the essential elements of the offense, and the State proves all the essential elements at trial." *State v. Swallow*, 350 N.W.2d 606, 609 (S.D.1984) (*citing State v. Lachowitzer*, 314 N.W.2d 307 (S.D.1982); *State v. Larson*, 294 N.W.2d 801 (S.D.1980)).

Here the indictment correctly set forth SDCL 22–42–10 as the statute allegedly violated. Two of the three South Dakota Criminal Pattern Jury Instructions for SDCL 22–42–10 list knowledge as an element of the offense.[3] Finally, the State repeatedly insists in its brief that it considers Stone's knowledge an essential element of the offense which it intends to prove at trial.

Although not expressed in *Barr*, we also note that insistence upon knowledge of wrongdoing as an essential element in this felony charge increases the State's burden and lessens the defendant's burden. Therefore, defendant cannot claim any prejudice.

Given these factors and assuming correct jury instructions, the omission of the knowledge element from the indictment was not fatal. Accordingly, we reverse and remand for proceedings consistent with this opinion.

MILLER, C.J., WUEST, J., and HERTZ, Circuit Court Judge, acting as a Supreme Court Justice, concur.

HENDERSON, J., concurs in result.

AMUNDSON, J., not having been a member of the court at the time this case was considered, did not participate.

HENDERSON, Justice (concurring in result).

Although I agree this case should be reversed, I disagree with footnote 2 of this opinion; I simply do not interpret SDCL 22–42–10 as does the majority. "For the purpose of using such substances" modifies the previous words. Thus, the word "purpose" supplies, by reasonable analysis, the element of guilty knowledge. To facilely dismiss that legislative word in the statute for its true meaning, is to do injury to legislative intent.

Furthermore, the majority opinion fails to cite a case eighteen years after *Barr*, which case is controlling, namely *State v. Huber*, 356 N.W.2d 468 (S.D.1984). In *Huber*, we held, inter alia, that a statute may incorporate an intent requirement even though the words "know," "knowing," or "knowingly" do not appear in its language.

---

**3.** S.D.Crim. Pattern Jury Instruction 3–11–7 makes no mention of knowledge. Instructions 3–11–8 and 3–11–9 each list knowledge as an optional element, depending on whether *State v. Barr* is held to apply to SDCL 22–42–10. Be-

cause this opinion holds that it does, it should be clear that a knowledge instruction for offenses under SDCL 22–42–10 is not optional, but required.