2005 SD 31

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Lance BREKKE, d/b/a B First Builders, Defendant and Appellant.**

**No. 23313.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 10, 2005.

Decided March 2, 2005.

Lawrence E. Long, Attorney General, Jeffery J. Tronvold, Assistant Attorney General, Pierre, SD, for plaintiff and appellee.

Jason Adams, Minnehaha County Public Defender, Sioux Falls, SD, for defendant and appellant.

ZINTER, Justice.

[¶ 1.]   Lance Brekke was convicted of ten counts of failure to file a contractor's excise tax return.   Brekke appeals the denial of his motion for a judgment of acquittal, arguing that the offenses proven at trial were not the offenses alleged in the information.   Brekke also appeals the trial court's jury instructions that instructed on

---

elements of offenses that were not alleged in the information. We reverse and remand for entry of the judgment of acquittal.

### Facts and Procedural History

[¶ 2.] Lance Brekke applied for, and was issued, a contractor's excise tax license by the South Dakota Department of Revenue. The statute at issue required both license holder's and "contractor['s] whose receipts are subject to contractor's excise tax in this state during the periods specified" to file excise tax returns. Filing was required for both types of individuals in a specified manner that depended upon the amount of the person's excise "tax liability." See SDCL 10–46A–1.6.[1]

[¶ 3.] Brekke filed his first tax return for the July—December 1996 reporting period; however, he failed to file any returns from January, 1997, through May, 1998. In May, 1998, an employee of the Department contacted Brekke about the failure to file returns. Brekke subsequently filed returns for 1997 and the first half of 1998. However, Brekke failed to file another tax return.

[¶ 4.] Between July, 1998, and January, 2000, the Department sent Brekke twenty-four notices that he had failed to file tax returns. After further contacts, Brekke scheduled a meeting with representatives of the Department. However, Brekke did not appear at the scheduled meeting, and he never rescheduled the appointment.

[¶ 5.] On February 21, 2003, a complaint was filed charging seven counts of failure to file a contractor's excise tax return, and three counts of failure to file a contractor's excise tax return two or more times within a twelve month period, in violation of SDCL 10–46A–1.6, 10–46A–13.1(4), and 10–46A–13.1(7). The first seven counts were misdemeanors and the last three counts were felonies. Brekke waived a preliminary hearing and the State filed an information.

[¶ 6.] The information referred to all three of the foregoing statutes. However, as previously mentioned, the operative statute (SDCL 10–46A–1.6) contained two offenses: one that required the "holder" of a license to file returns, and the other that required "contractor[s] whose receipts are subject to contractor's excise tax in this state" to file returns. This information only alleged the second alternative; i.e., that Brekke was a contractor who had gross receipts subject to the tax. The information specifically alleged that Brekke had committed "the public offense of Failure to File Contractor's Excise Tax Return ... in that he did then and there unlawfully *being a contractor whose gross receipts were subject to contractor's excise tax* fail to file a contractor's excise tax return...." (Emphasis added).

[¶ 7.] However, the State did not prove that allegation at trial. Instead, the State's evidence was restricted to proof that Brekke was a license holder who failed to file excise tax returns. Consequently, Brekke moved for a judgment of acquittal at the close of the State's case. Brekke pointed out that the State's witnesses did not prove the elements of the offense with which he was charged. Brekke's motion for judgment of acquittal was denied. Brekke also objected to the trial court's jury instructions on the same grounds, and those objections were overruled.

[¶ 8.] Brekke was found guilty on all counts. He now appeals, raising the following issues:

---

1. The Secretary of the Department of Revenue also had authority under SDCL 10–46A–1.7 to alter the times for filing. The Secretary was authorized to "require or allow a return and remittance to be filed on a monthly, bimonthly, semiannual, or annual basis." *Id.*

1. Whether the trial court erred in refusing to grant the motion for judgment of acquittal; and

2. Whether the trial court erred in instructing the jury.

## Decision and Analysis

### Motion for Judgment of Acquittal

[¶ 9.] The motion for a judgment of acquittal was grounded on the allegation that the evidence was insufficient to support the offense charged. When determining the sufficiency of the evidence, "[t]he denial of a motion for judgment of acquittal presents a question of law, and thus our review is de novo." *State v. Disanto*, 2004 SD 112, ¶ 14, 688 N.W.2d 201, 206.

[¶ 10.] In determining whether the evidence was sufficient to prove the offense alleged in the information, we first examine the relevant statutes. SDCL 10–46A–1.6 provides:

Any person who is *the holder of a contractor's excise tax license* or is *a contractor whose receipts are subject to contractor's excise tax* in this state *during the periods specified by this section* shall make a return and remittance to the Department of Revenue and Regulation on forms prescribed and furnished by the department *in the following manner:*

(1) Any person whose *tax liability* is one thousand dollars or more annually, shall file the return and remit the tax on or before the twentieth day of the month following each monthly period;

(2) Any person whose *tax liability* is less than one thousand dollars annually, shall file the return *and remit the tax* on or before the last day of the month following each two-month period;

(3) Any person whose *tax liability* is one thousand dollars or more annually and who remits the tax by electronic transfer to the state, shall file the return by electronic means on or before the twenty-third day of the month following each monthly period and remit the tax on or before the second to the last day of the month following each monthly period.

The secretary of revenue and regulation may grant an extension of not more than five days for filing a return and remittance. Unless an extension is granted, *the person with the tax liability* shall pay the penalty or interest as provided by § 10–59–6 if a return or remittance is not made on time.

(Emphasis added). SDCL 10–46A–13.1(4) [2] and (7) [3] then impose a criminal penalty for the failure to comply with SDCL 10–46A–1.6.

[¶ 11.] On appeal, Brekke correctly points out that under this statutory scheme, the State had the option of charging that Brekke violated SDCL 10–46A–1.6 because he was either a license holder or because he was a person who had gross receipts subject to the tax. However,

---

2. SDCL 10–46A–13.1(4) provides in relevant part:

Any person who:

. . .

(4) Fails to file a return required by this chapter within sixty days from the date the return is due is guilty of a Class 1 misdemeanor;

. . .

3. SDCL 10–46A–13.1(7) provides in relevant part:

Any person who:

. . .

(7) Violates either subdivision (2) or subdivision (4) of this section two or more times in any twelve-month period is guilty of a Class 6 felony;

. . .

while the State elected to charge Brekke as a contractor who had gross receipts subject to the tax, the State did not prove that allegation.

[¶ 12.] The State concedes that "there are two ways a person [in] business could be subject to the filing requirements," and that "[t]he State did not accurately set forth the first element for the ten counts in the information." Nevertheless, the State argues that this was a "nonfatal defect" that was cured. The State relies on the rule that a defective information may be cured "if the information sets forth the proper statute, the jury instructions set forth all the essential elements of the offense, and the State proves all the essential elements at trial." *State v. Stone*, 467 N.W.2d 905, 907 (S.D.1991) (quoting *State v. Swallow*, 350 N.W.2d 606,

4. The jury instructions indicated that two laws required a contractor, who had been issued an excise tax license, to file a contractor's excise tax return with the Department. The trial court did not instruct on the element that Brekke had gross receipts subject to the tax during the statutory period. It also did not instruct that filing was required in the "manner" set forth in the statute that was dependant upon a person's "tax liability".

Specifically, Jury instruction number 9 only stated, in pertinent part:
The elements of the crime of failing to file a contractor's excise tax form are, that, at the time and place alleged:
1. The defendant was the holder of a contractor's excise tax license; and
2. The defendant failed to file a return for the reporting period on the forms prescribed by the Department of Revenue within thirty days from the date the return was due.
Jury instruction number 13 stated, in part:
The crimes involved in this proceeding all involve the failure of the defendant, as a holder of the excise tax license, to file the excise tax return form as required. These proceedings are not concerned with whether or not the defendant had an obligation to pay any excise taxes or whether any such taxes were even due.

609 (S.D.1984); *State v. Lachowitzer*, 314 N.W.2d 307 (S.D.1982); *State v. Larson*, 294 N.W.2d 801 (S.D.1980)).

[¶ 13.] In this case, the information set forth the proper statutes, alleging that Brekke violated SDCL 10–46A–1.6, 10–46A–13.1(4) and 10–46A–13.1(7). The question is whether the jury instructions [4] and the State's proof [5] established all of the essential elements of the offense. Those elements, as set forth in SDCL 10–46A–1.6, require proof that:
(1) The person is the holder of a contractor's excise tax license or is a contractor whose receipts were subject to the contractor's excise tax during the specified period;
(2) The person failed to make a tax return and remit it to the Department;

It is also immaterial to these charges whether the defendant received any payments as a contractor or subcontractor. These charges involve the non-filing of the required form, not whether any payments in whatever form or method were received by the defendant in one capacity or another.

5. The State's evidence was limited to proving Brekke's status as a license holder who failed to file a return. The States first witness, Bretta Bullion, testified that Brekke had applied for and was issued a contractor's excise tax license. Bullion also testified that she had helped Brekke prepare returns in the past. Shawn Swanson then testified that he had contacted Brekke about his failure to file excise tax returns, that the State had not received returns from the second half of 1998 through April of 2002, and that Brekke had missed his appointment. The State's last witness, Richard Sprenger, testified that after the complaint had been filed, Brekke came to the Department to file his tax returns. Sprenger further testified that no return, with dates corresponding to the counts listed in the information had ever been filed. However, no witness ever testified that Brekke had receipts subject to the excise tax during any of the relevant reporting periods or that he had any tax liability.

(3) The person failed to do so in the following manner: (a) within the 20th day of the month following each monthly period if their *tax liability* is $1000 or more annually; (b) on or before the last day of each two-month period if their *tax liability* is less than $1000 annually; or (c) before the 23rd day of the month if their *tax liability* is $1000 or more annually and they remit the tax by electronic transfer.

[¶ 14.] Assuming without deciding that the State's proof and the jury instructions were adequate with respect to element (1)[6] and (2), we observe that there was no proof or jury instruction with respect to element (3), requiring filing in a "manner" that was dependent upon the amount of the person's "tax liability." Proof of some tax liability was required because SDCL 10–46A–1.6 provides that both license holders and contractor's "shall make a return ... to the Department in the following manner...." The statute then goes on to specify that manner by listing three scenarios in which reports must be filed. However, each scenario only requires a return for a person who's "tax liability is" within certain ranges, and a person who owes no tax has no "tax liability." Therefore, to satisfy element (3), the State was required to prove, and the court should have instructed, that Brekke had to have had some tax liability.

[¶ 15.] The Legislature's specific language confirms this conclusion. First, the statutory language requiring that the tax liability "*is*" within certain ranges suggests that the filing requirement is only imposed if a person has *some tax liability*. Indeed, even SDCL 10–46A–1.6(2), which requires filing for persons with *less than $1000* tax liability, contemplates *some* tax liability. That subdivision contemplates some tax liability because it requires that the taxpayer shall not only file the return, but also "*remit the tax. . . . .*" (Emphasis added.) Second, the last paragraph of the statute confirms that some tax liability was intended because it specifically provides that "the person with *the* tax liability" is further obligated to pay interest and penalties for delinquent returns. *Id.* (Emphasis added.) Finally, it must be observed that the Legislature could not have intended a requirement of *filing without any tax liability* because the statute would then require contractors, who were no longer engaged in any business, to forever file returns merely because of their status as license holders. We do not believe that the Legislature intended such an absurd result.

[¶ 16.] We therefore conclude that because the jury instructions did not set forth, and the State did not prove, Brekke's tax liability under element (3) of SDCL 10–46A–1.6, the State's concededly defective information was not cured. Because the defective information was not cured, Brekke's motion for a judgment of acquittal should have been granted, and we need not further discuss the jury instruction issue.

---

**6.** The adequacy of the State's proof with respect to element (1) is subject to argument as to whether the State was required to prove the alternative offense it alleged in the information. Although the State clearly proved its allegation that Brekke was a license holder, that proof did not necessarily establish the charged offense that Brekke was a contractor who had receipts subject to the tax during the relevant periods. Indeed, Brekke may not have done any work during the statutory period, or he may have performed work that was not subject to the excise tax. Although not offered to the jury, there is evidence in the record (used in support of a State motion in limine) that reflects that some of Brekke's prior returns indicated no gross receipts subject to the tax and therefore no tax liability.

[¶ 17.]  Reversed and remanded for entry of judgment of acquittal.

[¶ 18.]  GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and MEIERHENRY, Justices, concur.