MEIERHENRY, Justice
(dissenting).
[¶ 23.] I dissent. The majority’s interpretation of the statute casts the net of the burglary statute so expansively that it ensnares any offense committed indoors, no matter how petty. Thus, dropping a candy wrapper on the floor, illegally downloading music from the internet, taking a towel from a motel, and walking out of a bar with a glass all become felonies punishable by ten to twenty-five years in the penitentiary. Common sense should tell us this was not the intent of the legislature.
[¶ 24.] At common law, burglary was defined as “the breaking and entering of the dwelling house of another in the nighttime with the intent to commit a felony.” State v. Pellegrino, 1998 SD 39, ¶ 14, 577 N.W.2d 590, 596 (citation omitted). As we have recognized,
*11 “[T]he offense of burglary at common law was considered one aimed at the security of the habitation rather than against property. That is to say, it was the circumstance of midnight terror aimed toward a man or his family who were in rightful repose in the sanctuary of the home, that was punished, and not the fact that the intended felony was successful. Such attempted immunity extended to a man’s dwelling or mansion house has been said to be attributable to the early common-law principle that a man’s home is a castle.”
State v. Celli 263 N.W.2d 145, 147 (S.D. 1978) (quoting Smart v. State, 244 Ind. 69, 72, 190 N.E.2d 650, 652 (1963)). As evidenced by statute, however, our Legislature broadened the definition of burglary, see, e.g., SDCL 22-32-3; SDCL 22-32-8; SDCL 22-32-17, and our decisions have done the same.
[¶ 25.] As of July 1, 2006, however, burglary statutes will not apply to a person who has privilege to enter a structure. The statute which defines third-degree burglary, in its entirety, will provide:
Any person who enters or remains in an unoccupied structure, other than a motor vehicle, with intent to commit any crime, unless the premises are, at the time, open to the public or the person is licensed or privileged to enter or remain, is guilty of third degree burglary. Third degree burglary is a Class 4 felony-
SDCL 22-32-8 (effective July 1, 2006). The change to SDCL 22-32-8 reflects a legislative determination that burglary has been too broadly defined. It effectively repeals our cases that find consent irrelevant. This change not only prevents shoplifters from being charged with felony burglary, but it also prevents the application of burglary statutes to the commission of any crime, no matter how severe, indoors.
[¶ 26.] This change, however, comes too late for Burdick. Even though Bur-dick was privileged to enter the market, a broad interpretation of the current statute punishes his conduct — conduct which would not be punishable under the amended version of SDCL 22-32-8 which takes effect July 1, 2006. Also unfortunate for Burdick is the fact that he took the soda from the storage area of the market, for if he would have taken merchandise displayed or offered for sale, his conduct would have fallen within the shoplifting or retail theft exception to the current version of SDCL 22-32-8. See SDCL 22-30A-19.1 (defining liability of a shoplifter to a merchant as the amount owed by “[a]ny adult ... who takes possession of any goods, wares, or merchandise displayed or offered for sale by the store or other mercantile establishment without the consent of the owner or seller and with the intention of converting the goods to the person’s own use without having paid the purchase price”). We continually profess our canon of construction which requires us to avoid interpreting a statute so as to achieve an absurd result. See, e.g., State v. Brekke, 2005 SD 31, ¶15, 694 N.W.2d 46, 50. The result reached by the majority violates that canon. The possibility of 200 years in prison for taking 20 cases of soda is an absurd result. I would affirm the trial court.