GILBERTSON, Chief Justice
(dissenting).
[¶ 20.] I respectfully dissent. I would affirm because the substantial case law and legislative history interpreting SDCL 22-22-1(4) demonstrates that the Legislature made it a crime to sexually penetrate a victim objectively incapable of giving consent as a result of intoxication regardless of whether a defendant subjectively knew a victim was too intoxicated to consent. By adding this requirement, the Court ignores statutory history and effectively overrules case law analyzing SDCL 22-22-1. By requiring the State to prove that a “defendant knew or reasonably should have known that the complainant’s intoxicated condition rendered her incapable of consenting,”[6] the Court imposes its *415 own opinion over that of the Legislature. I would hold that Jones’s proposed jury instruction was not a correct statement of the law and the circuit court did not err in refusing to give it.
[¶ 21.] In addressing the issue of a defendant’s knowledge of a victim’s intoxication, the circuit court stated that:
Whether the defendant knew or didn’t know the person was intoxicated is subjective knowledge, I don’t think is relevant or an element to the crime. I think the only issue is whether she was so intoxicated that she wasn’t able to give consent and I think I’ve instructed on that. I think that’s a correct instruction of the law, so I’m not going to submit the additional proposed language....
The Court holds that the circuit court’s conclusion was incorrect. Majority Opinion ¶ 1.
[¶ 22.] Before 1985, SDCL 22-22-1(3) read:
Rape is an act of sexual penetration accomplished with any person other than the actor’s spouse ... [w]here the victim is incapable of giving consent because of any intoxicating, narcotic or anesthetic agent, or because of hypnosis, administered by or with the privity of the accused[.]
SDCL 22-22-1(3) (1984) (amended in 1985). In 1985, the Legislature amended former SDCL 22-22-1(3) by deleting the phrase “administered by or with the privity of the accused.” 1985 S.D. Sess. Laws 359, ch. 179. The majority opinion questions whether the Legislature intended to remove a mens rea requirement when it amended the statute. Majority Opinion ¶ 9. Ultimately the majority opinion con-eludes that because “rape by intoxication is a serious felony and the Legislature has not indicated its clear intent to dispense with mens rea, SDCL 22-22-1(4) must be read to include a knowledge element.” Majority Opinion ¶ 15. I disagree.
[¶ 23.] This Court has consistently stated that “when an amendment is passed, it is presumed the [L]egislature intended to change existing law.” Lewis & Clark Rural Water Sys., Inc. v. Seeba, 2006 S.D. 7, ¶ 19, 709 N.W.2d 824, 832 (quoting S.D. Subsequent Injury Fund v. Federated Mut. Ins., Inc., 2000 S.D. 11, ¶ 18, 605 N.W.2d 166, 170). It is also presumed that the Legislature “intended to alter the meaning of the statute to comport with the new terms.” Id. (quoting Delano v. Petteys, 520 N.W.2d 606, 609 (S.D.1994)). In comparing the previous version of SDCL 22-22-1(4), then found at SDCL 22-22-1(3), and the current amended version, I would conclude the intent of the Legislature was simply to no longer require that the accused, or someone in privity, administer the intoxicating agent. To infer that the Legislature meant to leave the mens rea requirement is to make an unsupported, policy assumption. Courts are in no position to contemplate policy considerations suggestive of different legislative intent when the Legislature has often amended the statute at issue but left a court’s interpretation of the statute untouched. See, e.g., Microsoft Corp. v. i4i Ltd. P’ship, - U.S. -, 131 S.Ct. 2238, 2252,180 L.Ed.2d 131 (2011). Even if this Court were to look to language that has been removed from a statute by amendment, there is no indication that the language “administered by or with the privity of the accused” equates to knowledge by the accused that a victim is intoxicated to *416 the extent that he or she is unable to consent. In other words, to find a knowledge requirement in the current version of the statute, this Court also has to adopt a “knowledge of intoxication” requirement in the former version of the statute.
[¶ 24.] Because it is not appropriate to adopt a knowledge requirement from the former version of the statute, I cannot conclude that such a knowledge requirement is found in the current statute. The language of SDCL 22-22-1(4) is clear, certain, and unambiguous. It simply does not require that a person know that a victim is incapable of giving consent because of an intoxicating agent. “[T]he Court’s only function is to declare the meaning of the statute as clearly expressed.” City of Deadwood v. M.R. Gustafson Family Trust, 2010 S.D. 5, ¶ 8, 777 N.W.2d 628, 632 (quoting Martinmaas v. Engelmann, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611). “A court is not at liberty to read into the statute provisions which the Legislature did not incorporate.” Id. ¶ 9 (quoting In re Adams, 329 N.W.2d 882, 884 (S.D.1983)); see also Allegheny Corp., Inc. v. Richardson, Inc., 463 N.W.2d 678, 679 (S.D.1990) (explaining that this Court “will not enlarge a statute beyond its face where the statutory terms are clear.”).
While it is fundamental that we must strive to ascertain the real intention of the lawmakers, it is equally fundamental that we must confine ourselves to the intention as expressed in the language used. To violate the rule against supplying omitted language would be to add voluntarily unlimited hazard to the already inexact and uncertain business of searching for legislative intent.
Jensen v. Turner Cnty. Bd. of Adjustment, 2007 S.D. 28, ¶ 8, 730 N.W.2d 411, 414 (internal citations omitted). If SDCL 22-22-1(4) should include a knowledge requirement on the part of a defendant, that is a function for the Legislature.
[¶ 25.] Declining to impose a knowledge requirement on SDCL 22-22-1(4) is consistent with our case law interpreting SDCL 22-22-1. State v. Schuster, 502 N.W.2d 565, 568 (S.D.1993); State v. Fulks, 83 S.D. 433, 436-37, 160 N.W.2d 418, 420 (1968), overruled on other grounds by State v. Ree, 331 N.W.2d 557, 560 (S.D.1983). In Schuster, this Court considered whether a perpetrator must know of a victim’s incapacity to consent when “the victim is incapable, because of physical or mental incapacity, of giving consent to such act....”[7] Schuster, 502 N.W.2d at 568. The 16-year-old victim in Schuster only had the mental capacity of an eight- or nine-year-old. Id. at 567. We held that “[t]he section of the rape statute pertaining to persons incapable of consent makes no mention of, and thus does not require, knowledge on the part of the perpetrator.” Id. at 568. Like in Schuster, SDCL 22-22-1(4) does not mention, and thus does not require, knowledge on the part of Jones that E.B. was incapable of consenting.
[¶ 26.] This Court has also considered whether a defendant is required to know if a victim is a minor, and therefore incapable of consenting, in order to be convicted of statutory rape. Fulks, 83 S.D. at 436-37, 160 N.W.2d at 420.[8] “[I]n a prosecution for alleged statutory rape a defen *417 dant’s knowledge of the age of the girl involved is immaterial and his reasonable belief that she is over the age of eighteen years is no defense.” Id. See also State v. Vogel, 315 N.W.2d 324, 326 (S.D.1982) (recognizing the Legislature’s prerogative to create strict liability crimes). Under South Dakota statutes and case law, a defendant is not required to know that a victim is a minor and therefore incapable of consenting to sexual intercourse. Likewise, SDCL 22-22-1(4) does not require that a defendant know a victim is intoxicated and therefore incapable of consenting.
[¶ 27.] This legal conclusion is reinforced by the drafting of the statute. SDCL 22-22-1 provides in part:
Rape is an act of sexual penetration accomplished with any person under any of the following circumstances:
(1) If the victim is less than thirteen years of age; or
(2) Through the use of force, coercion, or threats of immediate and great bodily harm against the victim or other persons within the victim’s presence, accompanied by apparent power of execution; or
(3) If the victim is incapable, because of physical or mental incapacity, of giving consent to such act; or
(4) If the victim is incapable of giving consent because of any intoxicating, narcotic, or anesthetic agent or hypnosis; or
(5) If the victim is thirteen years of age, but less than sixteen years of age, and the perpetrator is at least three years older than the vietim[.]
The requirement of knowledge on the part of the perpetrator is absent in the subsections dealing with minority in subsections (1) and (5), and lack of mental capacity in subsection (3), just the same as intoxication in subsection (4).
[¶ 28.] I agree with the Court that the resolution of this issue is the intent of the Legislature. Fulks was decided in 1968. Schuster was decided in 1993. Thus, by 1993 it was clear to the Legislature that this Court interpreted two portions of SDCL 22-22-1 as requiring no knowledge requirement. Thereafter, the Legislature amended SDCL 22-22-1 three times, in 1994, 2000, and the criminal code revision in 2005. Clearly the concept of requiring knowledge was well known to the Legislature as it had amended this and other statutes before and only had to look at such states as Iowa, Nebraska, and California for examples.[9] Yet the Legislature *418 three times passed up opportunities to join this group of states and add a knowledge requirement to SDCL 22-22-1. This is a clear indication of the intent of our Legislature. It opted for a policy decision that the devastating consequences of rape to a victim are the same and deserve the same protection whether the victim was too intoxicated, too young, or mentally incapacitated to consent or was victimized by any other means set forth in SDCL 22-22-1. It is not this Court’s position to change any legitimate policy chosen by the Legislature.
[¶29.] The majority opinion cites to two South Dakota cases where this Court has read a knowledge requirement into a statute—State v. Stone, 467 N.W.2d 905 (S.D.1991) and State v. Barr, 90 S.D. 9, 237 N.W.2d 888 (1976). Majority Opinion ¶ 11. In Stone, this Court concluded that Barr was controlling precedent. Stone, 467 N.W.2d at 906. We therefore examine why in Barr this Court concluded knowledge was an unwritten element of the offense of unlawful distribution of a controlled substance. This Court stated three reasons. Barr, 237 N.W.2d at 890-92. First, courts in other jurisdictions had held that notwithstanding the absence of the word “knowingly” in statutes prohibiting the unlawful possession and sale of drugs and controlled substances, knowledge was an element of the offense. Id. at 891. We have not been provided with such authority in this case. Second, we noted in Barr that lesser statutory drug offenses contained an element of knowledge, which would essentially require a lesser burden of proof on the State in cases having a higher maximum penalty. Id. In this case, we find it more appropriate to compare the rape proscribed in SDCL 22-22-1(4) with other means of rape. In so doing, we note that violation of SDCL 22-22-1(4) carries the same penalty as violation of SDCL 22-22-1(3), which is rape of a person incapable of consenting because of physical or mental incapacity. Finally, in Barr, we read knowledge into the drug distribution statute because the State did not contend that knowledge was not an element of the offense. Id. at 892. The State has not taken a similar position in this case; instead, it argues that the defendant’s knowledge is not an element of SDCL 22-22-1(4). I agree and decline to follow the reasoning in this case that we used in Barr and Stone.
[¶ 30.] The majority opinion also cites a case from the United States Supreme Court as support. Majority Opinion ¶ 10 (citing Staples v. United States, 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994)). Staples is distinguishable because it involved violating a statute regulating the registration of statutorily defined firearms, rather than a serious crime committed against the person of a victim. Staples, 511 U.S. at 602, 114 S.Ct. at 1795 (requiring that the prosecution prove a defendant knew the weapon he possessed was not properly registered). The Court emphasized that “our holding is a narrow one. As in our prior cases, our reasoning depends upon a commonsense evaluation of the nature of the particular device or substance Congress has subjected to regulation and the expectations that individuals may legitimately have in dealing with regulated items.” Id. at 619, 114 S.Ct. at *419 1804. Furthermore, the Court emphasized that “[n]either this Court nor, so far as we are aware, any other has undertaken to delineate a precise line or set forth comprehensive criteria for distinguishing between crimes that require a mental element and crimes that do not.” Id. at 619-20, 114 S.Ct. at 1804. (quoting Morissette v. United States, 842 U.S. 246, 260, 72 S.Ct. 240, 248, 96 L.Ed. 288 (1952)). The Supreme Court declined to do so in Staples, and I would do the same today. Id.
[¶ 31.] The Court also relies on case law where we have stated that “[w]hether criminal intent or guilty knowledge is an essential element of a statutory offense is to he determined by the language of the act in connection with its manifest purpose and design.” Majority Opinion ¶ 11 (quoting State v. Nagel, 279 N.W.2d 911, 915 (S.D.1979)). The Court fails to acknowledge that the manifest purpose and design of SDCL 22-22-1, at its most basic level, is to protect rape victims who did not consent. Any other “manifest purpose or design” is based on conjecture of what this Court supposed the Legislature said instead of what it actually said. Furthermore, applying a knowledge requirement to the statute is adding an additional element that the Legislature does not require the State to prove in a prosecution.
[¶ 32.] Finally, the Court states that while we interpret our statutes by reading the plain meaning of the words they contain, “we have always reserved a caveat: we will not read statutes literally, if they lead to an ‘absurd or unreasonable result.’ ” Majority Opinion ¶ 12 (citing State v. Wilson, 2004 S.D. 33, ¶ 9, 678 N.W.2d 176, 180). I fail to see how the plain meaning of this statute reaches an absurd or unreasonable result. It is not absurd or unreasonable for the Legislature to choose to protect rape victims over their perpetrators. Neither is the result absurd or unreasonable when read in the context of the entire statute and this Court’s case law analyzing SDCL 22-22-1.
[¶33.] In conclusion, this Court has, until today, consistently declined to read additional requirements into a statute and Jones presents no compelling argument for abandoning this principle today. SDCL 22-22-1(4) does not require that a defendant know a victim is intoxicated and therefore unable to consent to sexual intercourse. Consequently, the circuit court did not abuse its discretion in refusing Jones’s proposed jury instruction. I would affirm.
[¶ 34.] The Court declines to address Jones’s other argument on appeal that there was not sufficient evidence to convict him. Majority Opinion ¶ 6 n. 2. I would affirm on that issue based on the ample evidence presented at trial to sustain his convictions.

. Here I note that the majority opinion remands the case with the instruction that "the State must prove the defendant knew or *415 reasonably should have known that the complainant's intoxicated condition rendered her incapable of consenting.” Majority Opinion ¶ 15 (emphasis added). This goes beyond Jones’s proposed instruction that only he subjectively need know the victim was incapable of consenting.

. Schuster addressed SDCL 22-22-1(2) (1990), which has since been amended and is now found at SDCL 22-22-1(3).

. In Fulks, the Court was considering statutory rape defined by SDC 13.2801 as "an act of sexual intercourse accomplished with a female, not the wife of the perpetrator ... where the female is under the age of eighteen years.” Statutory rape is now defined at SDCL 22-22-1(1) as "sexual penetration accomplished ... if the victim is less than thirteen years of age....”

. The Court relies on statutes from California, Minnesota, Nebraska, and North Dakota to indicate that South Dakota is "the only jurisdiction to hold that even when a man accused of rape convinces a jury that he reasonably and in good faith believed he had engaged in consensual adult sex, the jury must disregard his innocent state of mind if the woman he had sex with later establishes that she drank too much to have given her consent." Majority Opinion ¶ 13. The Court ignores the fact that the statutes it relies on explicitly require that the defendant knew or should have known the victim was too intoxicated to consent. The South Dakota Legislature chose not to include such a requirement. The following statutes are examples of statutes that explicitly include a knowledge requirement: Iowa Code § 709.4(3) provides:
A person commits sexual abuse in the third degree when the person performs a sex act ... [that] is performed while the other person is under the influence of a controlled substance ... and ... the controlled substance ... prevents the other person from consenting to the act ... [and t]he person performing the act knows or reasonably should have known that the other person was under the influence of the controlled substance....
Neb.Rev.Stat. § 28-319(1) provides:
Any person who subjects another to sexual penetration ... without the consent of the victim, ... who knew or should have known that the victim was mentally or physically incapable of resisting or apprais *418 ing the nature of his or her conduct ... is guilty of sexual assault[J
California Penal Code § 261 provides that:
Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator ... where a person is prevented from resisting by any intoxicating or anesthetic substance, or any controlled substance, and this condition was known, or reasonably should have been known by the accused.